**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>   v.<br><br>ASHLEY ELIZABETH ZAMORA,<br><br>                             Defendant. | Case No. 22-cr-0994-BAS<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE**<br>**(ECF No. 59)** |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Since Ms. Zamora was a "zero-point offender," Ms. Zamora's Motion now asks that this new guideline amendment be applied retroactively. (ECF No. 59.) Under General Order 755, the Court referred the case to Federal Defenders to work with the Government to determine whether a joint recommendation for modification of sentence was appropriate.

(ECF No. 66.) Federal Defenders has now filed a Status Report concluding "the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 71.)

Ms. Zamora was sentenced on July 10, 2023, before the guideline amendments were enacted. (ECF No. 54; *see also* Tr., ECF No. 68.) The Court calculated her guideline range to be 46–57 months. (Tr. 6:21–23.) The Court varied downward from the guideline range and sentenced Ms. Zamora to 30 months in custody. (ECF No. 55.) Applying the new guidelines retroactively, Ms. Zamora's guideline range is now 37–46 months. This recalculation of the guideline range under the newly amended guidelines does not change the Court's determination that a downward variance to 30 months is sufficient but not greater than necessary considering all of the factors under 18 U.S.C. § 3553(a).

Given that Ms. Zamora's sentence was already the result of a downward variance and that the newly amended guidelines would not change this downward variance determination, Ms. Zamora's Motion to Correct Sentence (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 16, 2024**

Hon. Cynthia Bashant
United States District Judge