UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                          Plaintiff,<br><br>        v.<br><br>ASHLEY ELIZABETH ZAMORA,<br><br>                                          Defendant. | Case No. 22-cr-0994-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br>(ECF No. 77)** |

        Defendant Ashley Elizabeth Zamora filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, claiming she received ineffective assistance of counsel. (ECF No. 60.) To support her request, Defendant claimed that her counsel: (1) promised her a six-month sentence; (2) set up a proffer that violated the attorney-client privilege; (3) declined to file a notice of appeal; and (4) failed to give her a copy of the Presentence Report. (*Id.*) Defense counsel denied all these claims under penalty of perjury. (ECF No. 69-1.)

        The Court found Defendant failed to demonstrate either deficient performance by her defense counsel or any prejudice from the alleged deficient performance. (ECF No. 76.) Therefore, the Court denied the Section 2255 Motion on all grounds

except the ground based on filing a notice of appeal. (*Id.*) The Court vacated the original judgment and reentered it to allow Defendant to pursue an appeal. (*Id.*)

Defendant now brings a Motion for Reconsideration of the Court's ruling on her Section 2255 Motion. (ECF No. 77.) She also filed a Notice of Appeal. (ECF No. 78.) To avoid any doubt, the Court addresses Defendant's request for reconsideration. *See Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019) ("A timely motion for reconsideration filed within a window to appeal does not toll anything; it 'renders an otherwise final decision of a district court not final" for purposes of appeal.'" (citation omitted)).

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).

Courts typically evaluate reconsideration motions in criminal cases "under the standards applied to civil motions for reconsideration." *United States v. Gomez*, No. 3:14-CR-3000-DMS, 2021 WL 347694, at *1 (S.D. Cal. Feb. 2, 2021); *accord, e.g.*, *United States v. Wilson*, No. CR-17-00972-001-PHX-GMS, 2021 WL 1171508, at *1 (D. Ariz. Mar. 29, 2021) (collecting cases). "Under those standards, reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Gomez*, 2021 WL 347694, at *1 (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Defendant argues reconsideration is appropriate because she did not receive a copy of the Presentence Report before sentencing. (ECF No. 77.) Defendant raised

this ground in her Section 2255 Motion. The Court reasoned that, even if this claim is true, Defendant does not show prejudice under the test from *Strickland v. Washington*, 466 U.S. 687 (1984):

> Defendant must still satisfy the prejudice prong of *Strickland*. Defendant fails to point to any information in the Presentence Report that she claims was materially false or even misleading. The Court cannot evaluate the prejudice prong without at least a suggestion that Defendant's alleged failure to see the report led to a failure to object to incorrect, false, or misleading information in the report.
>
> Therefore, even if counsel did not show Defendant the Presentence Report in advance of sentencing, which Defendant fails to demonstrate, she still has not shown sufficient prejudice for the ineffective assistance claim to be successful.

(ECF No. 76.)

Defendant's Motion for Reconsideration does not present the Court with newly discovered evidence or a change in controlling law. Nor does the Motion show the Court clearly erred. Hence, the Court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 77.)

* * *

## CERTIFICATE OF APPEALABILITY

A district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the § 2255 movant. "A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003)).

      The Court previously found Defendant's Section 2255 Motion does not meet this standard for all the grounds the Court denied. (ECF No. 76.) The Court reasoned that Defendant's arguments are without merit and her factual contentions are contradicted by the record before the Court. (*Id.*) The same conclusion holds true for Defendant's Motion for Reconsideration. Accordingly, the Court declines to issue a certificate of appealability.

      **IT IS SO ORDERED.**

**DATED: September 30, 2024**

Hon. Cynthia Bashant
United States District Judge